IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FORTA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES GYPSUM CO. and USG STRUCTURAL TECHNOLOGIES, LLC, | ) ) |
| | ) |
| Defendants. | ) |

### COMPLAINT FOR TRADEMARK
### INFRINGEMENT AND UNFAIR COMPETITION

Forta Corporation, appearing through its undersigned counsel, files the following Complaint against defendants and in support thereof states as follows:

### Parties

1. Plaintiff, Forta Corporation ("Forta"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 Forta Drive, Grove City, Pennsylvania.

2. Defendant, United States Gypsum Co. ("USG"), is a Delaware corporation with a registered office located at 550 West Adams Street, Chicago, Illinois. Defendant, USG Structural Technologies, LLC ("USG Structural"), is a Delaware limited liability company which maintains its registered office and principal place of business at 21925 Field Parkway, Suite 245, Deer Park, Illinois. On information and belief, USG Structural is a subsidiary of USG. USG and USG Structural are collectively referred to herein as defendants.

{J1442567.1}

## Nature of Action and Jurisdiction

3. This is an action for trademark infringement and unfair competition under the Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act") and the laws of the Commonwealth of Pennsylvania.

4. This Court has jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). The activities of defendants as described herein are sufficient to subject them to the personal jurisdiction of this Court.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

### The Forta Trademarks

7. Forta was founded in 1978 and since that time has grown to be a domestic and world leader in the use of synthetic fiber reinforcements to improve the structural integrity of concrete.

8. Forta sells and distributes its product in the United States through a number of channels of distribution to ultimate end users including concrete producers and makers of precast concrete products. Forta's channels of distribution for its concrete reinforcing products include architects, designers, specifiers, builders, contractors, distributors, project owners, concrete manufacturers and professional remodelers.

9. By 1982, Forta began use of the **FORTA®** mark in connection with its concrete reinforcement products. Over the years, Forta has invested great effort and resources in promoting its **FORTA®** mark and has advertised the **FORTA®** mark extensively throughout the United States, including Pennsylvania, as well as the world in connection with its concrete reinforcing products. Forta has continuously used its **FORTA®** mark since its adoption in 1982. Due to plaintiff's efforts and success, the **FORTA®** mark has come to be associated with concrete products which incorporate plaintiff's fiber reinforced products.

10. In addition to its extensive common law rights, Forta owns federal trademark registrations for its **FORTA®** family of marks.

11. The trademark **FORTA®** was registered by plaintiff on the Principal Register of the United States Patent and Trademark Office on September 26, 1989. A true and correct copy of United States Trademark Reg. No. 1557993 for plaintiff's **FORTA®** mark is attached as Exhibit "A."

12. The **FORTA®** mark has been used by Forta continuously since 1982 to identify plaintiff's products. Plaintiff's use of its **FORTA®** mark includes advertising, sales and promotional materials, user guides and product performance specifications.

13. Plaintiff's **FORTA®** mark is part of a family of trademarks owned by plaintiff. This family of trademarks all relate to the use of fibers to reinforce concrete and other building and construction materials. Forta presently owns the federally registered trademarks **FORTA-FERRO®** and **FORTA SUPER-SWEEP®** marks. True and correct copies of United States Trademark Reg. Nos. 2690232 and 2257138 for each of the respective marks of Forta are attached hereto as Exhibit "B."

14. All of the registered trademarks of plaintiff are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

15. As a result of plaintiff's continuous and exclusive use of its **FORTA®** mark, plaintiff's mark has become distinctive in the minds of actual and potential customers as an indication of origin, source, sponsorship, quality and goodwill with respect to plaintiff's products, all as the direct result of plaintiff's time, money, creativity and promotional efforts. Since the adoption of its **FORTA®** mark, plaintiff has expended millions of dollars in paid media and various forms of promotion and marketing that feature its mark. Through favorable acceptance and recognition of its products, plaintiff's mark has become an asset of tremendous value and goodwill as a symbol identifying plaintiff and its products. Plaintiff's **FORTA®** trademark has acquired in the United States and around the world a substantial and favorable reputation and goodwill and has acquired secondary meaning as indicating plaintiff as a source of origin of the products offered by plaintiff. Plaintiff prominently marks its packaging materials, websites, user guides, advertising and promotional literature and other relevant materials with its registered **FORTA®** trademark.

16. Forta has developed and now owns strong common law rights in the **FORTA®** marks in Pennsylvania and throughout the United States and the world.

### Defendants' Unauthorized Use of the FORTA Marks

17. Defendants are in the business of, *inter alia*, manufacturing, marketing and selling products used in the construction industry. Like Forta, defendants market and distribute their products through identical channels of distribution including architects, designers, specifiers, builders, contractors, distributors, project owners and professional remodelers.

18. Forta learned that defendant USG, on May 18, 2005, filed an intent-to use federal trademark application with the United States Patent and Trademark Office to register the mark **FORTACRETE®**. The mark was registered on August 8, 2006 as United States Trademark Reg. No. 3128151. The registration states that the mark was first used anywhere and first used in commerce on December 13, 2005. Thus, defendants' use and registration of its **FORTACRETE®** mark were clearly subsequent to plaintiff's use and registration of all of its **FORTA®** family of marks.

19. On October 3, 2008, plaintiff commenced an action against defendants in the United States District Court for the Western District of Pennsylvania alleging that defendants were improperly using plaintiff's mark, Case No. 08-cv-1390. The parties settled the case and defendants agreed not to use "Forta" for its products after June 30, 2010.

### Defendants' Use of the Confusingly Similar FORTOCRETE™ Mark

20. Despite the defendants' knowledge of the **FORTA®** family of marks, despite the prior litigation and despite their promises in the settlement agreement, defendants have adopted the confusingly similar "Forto" as their new product name. That is, defendants are again improperly using plaintiff's **FORTA®** mark, this time by substituting a phonetically identical "o" in place of the "a" at the end of the word **FORTA®**.

21. Defendants were aware of plaintiff's **FORTA®** marks prior to the time defendants began using the **FORTOCRETE™** mark.

22. The dominant portion of the defendants' **FORTOCRETE™** mark is "**FORTO**," which looks and sounds like plaintiff's **FORTA®** mark, with the balance of the mark being a mere recognized abbreviation for the generic term "concrete." Defendants' **FORTOCRETE™**

mark is confusingly similar to plaintiff's **FORTA®** mark, particularly given the similarity of products marketed and sold by the parties as well as the strength of plaintiff's mark.

23. Defendants presently are using the term **FORTOCRETE™** in various forms of defendants' sales, advertising and promotional materials for its reinforced concrete product, including on a website owned by defendants, www.fortacrete.com, which redirects customers to www.usgfortocrete.com.

24. Defendants' use of the **FORTOCRETE™** mark in connection with the manufacture, marketing and sale of reinforced concrete products is likely to cause confusion and mistake and to lead the relevant consuming public to believe that defendants' products are in fact manufactured and sold by plaintiff, or are sponsored, approved or somehow affiliated with plaintiff.

25. Moreover, defendants' use of a mark confusingly similar to plaintiff's **FORTA®** mark is likely to cause confusion, to cause mistake and to deceive customers and potential customers as to some affiliation, connection or association of defendants with plaintiff or as to the origin, sponsorship or approval of defendants' products or services by plaintiff.

26. Defendants' use of the confusingly similar **FORTOCRETE™** mark enables defendants to trade upon and receive the benefit and goodwill built up at the great labor and expense over many years by plaintiff with the **FORTA®** mark and to gain acceptance for defendants' products not solely on their own merits, but on the reputation and goodwill of plaintiff and its trademarks, products and services.

27. Defendants' use of the confusingly similar **FORTOCRETE™** mark enables defendants to pass off their products on the unsuspecting public as those of plaintiff.

28. Defendants' use of the confusingly similar **FORTOCRETE™** mark is likely to deceive consumers into believing that the concrete reinforced products manufactured and sold by defendants are genuine products manufactured by plaintiff or manufactured with plaintiff's products.

29. Defendants' use of the confusingly similar **FORTOCRETE™** mark removes from plaintiff the ability to control the nature and quality of products and services provided under its marks and places the valuable reputation and goodwill of plaintiff in the hands of defendants, over whom plaintiff has no control.

30. Defendants' improper use of the confusingly similar **FORTOCRETE™** mark is willful and intentional.

31. Unless these unfair and deceptive practice and acts of unfair competition by defendants are restrained by this Court, they will continue to cause irreparable injury to plaintiff and to the public, for which there is no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. The acts of defendants described and complained of herein constitute infringement of plaintiff's registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Federal Unfair Competition

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. The acts of defendants described and complained of herein constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. The acts of defendants described and complained of herein constitute trademark infringement, unfair competition and violation of the common law of the Commonwealth of Pennsylvania.

WHEREFORE, plaintiff respectfully requests that the following relief be granted against defendants:

(1)    That a preliminary and permanent injunction issue ordering or enjoining defendants and their agents, servants, employees, successors and assigns and all those acting under their authority or in privity with them or in concert or participation with them from any of the following:

    (a)    Ordering that defendants' **FORTOCRETE**™ mark be removed from any of defendants' products, user guides, packaging, advertising and promotional materials or internet websites, including the termination of the website www.fortocrete.com;

  **(b)**  Ordering defendants to deliver to plaintiff for destruction any and all signage or other advertising and promotional materials in the possession of defendants or under defendants' control or custody bearing the **FORTOCRETE™** mark;

  **(c)**  Enjoining defendants from unfairly competing with plaintiff in the manner complained of herein or in any other manner including any further use of the term FORTOCRETE or any other word or phrase containing the term "Forta," or any phonetically equivalent "Forto," or from doing such acts as may cause products and/or services sold, offered for sale, distributed, advertised or supplied by defendants to be mistaken for or confused with the products and/or services sold, offered for sale, distributed, advertised or supplied by plaintiff; and

  **(d)**  Enjoining defendants from making any statement or representation whatsoever using any false designation of origin or false description or performing any act which can be or is likely to lead the public or individual members thereof, to believe that any product designed, manufactured, supplied, or sold by plaintiff is the product of defendants.

  (2)  That defendants be directed to file with the Court and serve upon plaintiff within 30 days after service of the Injunction demanded above, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the Injunction;

  (3)  That plaintiff be awarded punitive damages;

  (4)  That plaintiff be awarded its costs in this action including reasonable attorney's fees and expenses;

(4) That the Court order the cancellation of defendants' **FORTOCRETE**™ mark with the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119; and

(5) That plaintiff be awarded such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ *Wendy West Feinstein*
    Timothy P. Ryan
    Pa. I.D. No. 42154
    Wendy West Feinstein
    Pa. I.D. No. 86698

    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    U.S. Steel Tower, 44th Floor
    600 Grant Street
    Pittsburgh, PA 15219-2713
    (412) 566-6000 (telephone)
    (412) 566-6099 (facsimile)
    tryan@eckertseamans.com
    wfeinstein@eckertseamans.com

    *Attorneys for Plaintiff*

Dated: September 28, 2010